SCHOOL DISTRICT, No. 7, N. C. COUNTY, defendant below, Appellant, *v.* MOSES WALKER, plaintiff below, Respondent.

If the School Committee of a District, employ a teacher without specifications as to time, to teach school in the district, aud they afterwards notify him that the school fund for the district is expended, and that they cannot employ him any longer as a teacher, the district is not liable, if he continues to teach, for his services afterwards.

PRONARR in assumpsit, on appeal from a Justice of the Peace. The suit below was by MOSES WALKER, the plaintiff, against School District, No. 7, in New Castle County, the defendant, for compensation for his services

as a teacher in the district for six months, terminating on the 23rd of March 1857. The proof was that the plaintiff was employed by the school committee to teach the school in the district in the fall of 1856, at $90. per quarter, but the term for which he was to teach, was not specified, or mentioned. He commenced teaching from the time he was employed, but as soon as the school fund for the district was expended, he was notified of the fact by the school committee, and that they could not pay him any longer; to which he replied that he had nothing else to do and he believed he would teach on, and continued to do so for three or four weeks afterwards. The committee had paid him for the first quarter and for about six weeks on the second, amounting to $45.

*Mc Caulley,* for the plaintiff. contended that the school district was by law a corporation, and the committee as the managers, or directors of it, had full authority to contract with and employ teachers, and that the corporation was bound by their engagements for this purpose; and that having contracted with and employed the plaintiff below, to teach in the district without limitation as to the term, or time he was to do so, the district was bound to pay him for his services, without reference to the amount of the school fund, or when it was expended.

*Gordon,* for the defendant, on the other hand insisted that as the statute, *Rev. Code.* 115. 118. provides that the school committee of each district shall provide a school and employ teachers, as long as their funds will enable them, and that they shall not anticipate the funds of a subsequent year by contracting debts for these purposes in a preceding year, and the school committee in this case had apprised the plaintiff that the fund for that year had been expended and was exhausted, and that they

would not be able to employ him any longer; for that reason, he could not recover, and that the district was not liable for his services rendered after that time.

*The Court, Gilpin, Ch. J., charged the jury:* That if the school committee employed the plaintiff to teach school in the district without any specification, or limitation as to the time he was to teach, then the district would be bound to pay him for his services, until they notified him of the fact that the school fund for the district was exhausted, which they, and not he would be presumed to know, and that they could not employ him any longer. The law which defines the powers and duties of school committees, enacts that they shall "provide a school for the district when, and as long as their funds will enable them, and employ teachers;" it also gives them the power in general terms to "dismiss teachers," and taking the two provisions together we think it was not only competent for the committee, but it was their duty in this case, to dismiss the teacher as soon as their funds for maintaining the school were expended, and that the district was not liable for any services rendered by him after he was notified by them of the fact and that they could not employ him any longer. If, however, they did not notify him of that fact, until some time after the fund had been expended, and he continued to teach afterwards, the district would be liable for his services in the mean while, until they had informed him of it.